Garcia, J.
(concurring). I am in agreement with the majority’s recitation of the facts, its holding that Crane had a duty to warn, and its determination regarding the trial court’s instructions on proximate cause and recklessness. I part company *807 with the majority over the articulation of the test we should apply to determine when a manufacturer has such a duty to warn of the dangers arising from the use of its product in conjunction with a product manufactured by a third party.
The majority holds that a manufacturer has a duty to warn of the danger “arising from the known and reasonably foreseeable use of [a manufacturer’s] product in combination with a third-party product which, as a matter of design, mechanics or economic necessity, is necessary to enable the manufacturer’s product to function as intended” (majority op at 778). I believe this test opens too broad an avenue of potential liability and that, in line with our precedent in this area, any standard must focus on the affirmative action taken by the manufacturer in placing the harmful product containing asbestos into the stream of commerce.
As the majority notes, in Rastelli v Goodyear Tire & Rubber Co. (79 NY2d 289 [1992]), this Court considered a manufacturer’s duty to warn of hazards arising from the combination of its product with a product made by another company (see majority op at 789). In concluding that the failure to warn was not unreasonable in that case, we focused on whether the defendant: (1) had control over the production of the second product; (2) had a role in placing that product in the stream of commerce; (3) derived a benefit from the sale; (4) contributed to the alleged defect in some way; and (5) created the dangerous condition related to the second product (see 79 NY2d at 298). Such actions constitute circumstances which “strengthen the connection between the manufacturer’s product and the third party’s defective one” (Surre v Foster Wheeler LLC, 831 F Supp 2d 797, 801 [SD NY 2011]). In Rastelli, absent any finding of those affirmative acts, this Court held the manufacturer had no duty to warn (see 79 NY2d at 297-298).
The same analysis applied to the facts of this case yields a different conclusion; namely, Crane had a duty to warn. Here, Crane originally sold its valves with the asbestos-containing internal parts; marketed asbestos-containing replacement parts under its own brand name; and generally recommended and promoted the use of asbestos-containing replacement parts for use with its valves in the high-heat conditions at issue in this case (see majority op at 779-780, 784-785). Those actions justify imposing a duty to warn in the instant case involving the placement of asbestos-containing parts into the stream of commerce (Osterhout v Crane Co., 2016 US Dist LEXIS 39890, *808 *44 [ND NY, Mar. 21, 2016, No. 5:14-CV-208 (MAD/DEP)]; May v Air & Liquid Sys. Corp., 446 Md 1, 19, 129 A3d 984, 994 [2015]).
This approach, in addition to being more consistent with our precedent, has also been followed by other courts in similar cases. For example, the Court of Appeals of Maryland, in a case involving pumps that contained asbestos material when originally placed into the stream of commerce by the manufacturer, held as one part of its test for imposing duty to warn liability that “asbestos is a critical part of the pump sold by the manufacturer” (May, 446 Md at 19, 129 A3d at 994; see also Quirin v Lorillard Tobacco Co., 17 F Supp 3d 760, 769-770 [ND Ill 2014]). That court also stressed that the duty to warn could be found only in the “limited circumstances” outlined in its test (May, 446 Md at 19, 129 A3d at 994).
We need not decide which of the actions taken by Crane are essential to the imposition of a duty to warn. Crane sold a product containing asbestos, marketed replacement parts containing asbestos, and generally recommended and promoted asbestos replacement parts. Given the circumstances of this asbestos-related litigation, we need not go beyond grounding the duty to warn in such actions. Rather than basing liability on the defendant’s actions here, the majority, in my view, focuses on forces acting upon the product downstream from the manufacturer. While “design” does suggest some affirmative step, under the majority’s test liability may also be premised, in the alternative, on “mechanics” — undefined—or, most troubling, “economic necessity” (majority op at 778). What level of necessity is required and when it may arise, or what “mechanics” means in this context, will assuredly become questions for future juries in an expanding pool of litigation.
The risk of the majority’s approach is further demonstrated by the jury charge in Dummitt, where the court instructed the jury, over Crane’s objection, that “a manufacturer’s duty to warn extends to known dangers or dangers which should have been known in the exercise of reasonable care of the uses of the manufacturer’s product with the product of another manufacturer if such use was reasonably foreseeable” (majority op at 782). This is the “ ‘mere foreseeability’ ” test rejected by many courts considering the duty to warn (Osterhout, 2016 US Dist LEXIS 39890, *44; see Quirin, 17 F Supp 3d at 769). We should, as the Appellate Division did below, disavow that test to prevent a further expansion of the standard (see 121 AD3d 230, 252, 258 [1st Dept 2014]).
*809 Consistent with our existing precedent, liability under these circumstances should attach where use of asbestos parts was “for some . . . reason so inevitable that, by supplying the product, the defendant was responsible for introducing asbestos into the environment at issue” (Quirin, 17 F Supp 3d at 769; see Osterhout, 2016 US Dist LEXIS 39890, *34). I would hold that, at a minimum, some action by the manufacturer in originally marketing the product with asbestos and promoting or recommending asbestos-containing replacement parts is necessary to impose a duty to warn.
Judges Pigott, Rivera, Stein and Fahey concur; Judge Garcia concurs in result in a separate concurring opinion; Chief Judge DiFiore taking no part.
In each case: Order affirmed, with costs.